IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lamont W. Cutner, | ) | Civil Action No. 6:18-2082-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Associate Warden Stephon, | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 33) recommending that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 41. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's Complaint without prejudice.

I. **Background**

Plaintiff is an incarcerated person proceeding *pro se* to allege a claim of gross negligence under the South Carolina Tort Claims Act. (Dkt. No. 1 at 1.) Plaintiff's claim arises from an incident in which Defendant allegedly spraying Plaintiff in the eyes while Plaintiff was handcuffed. (Dkt. No. 1 at 4.) The Complaint was construed to seek relief pursuant to 42 U.S.C. § 1983.

II. **Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. <u>Discussion</u>

The Court finds that the Magistrate Judge addressed the issues and correctly concluded that this case should be dismissed as a result of Plaintiff's failure to prosecute his claim. As the Magistrate Judge noted, Plaintiff failed to respond to Defendant's motion to dismiss for lack of jurisdiction (Dkt. No. 27) notwithstanding the Magistrate Judge twice issuing *Roseboro* Orders to notify Plaintiff of the risk of dismissal, and granting Plaintiff an extension to file a response (Dkt. Nos. 28, 31). In addition to not responding to Defendant's motion, Plaintiff has not responded to the *Roseboro* Orders nor filed objections to the Magistrate Judge's R & R that this case be dismissed.

Plaintiff's lack of response indicates his intent not to continue prosecuting his claim and, therefore, subjects the case to *sua sponte* dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (district court's dismissal following failure to respond to a specific directive is not abuse of discretion).

For these reasons, the Magistrate Judge appropriately concluded that this action should be dismissed pursuant to Rule 41 as a result of Plaintiff's failure to prosecute his claim.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 33) as the Order of the Court. Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 7, 2019
Charleston, South Carolina